IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION, | § § § | MDL 1446 |

| | | |
|---|---|---|
| KEVIN LAMPKIN, JANICE SCHUETTE, ROBERT FERRELL, AND STEPHEN MILLER, Individually and on Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-02-0851 |
| UBS PAINEWEBBER, INC. AND UBS WARBURG, LLC, | § § § | |
| Defendants. | § § | |

## OPINION AND ORDER DENYING MOTION TO RECONSIDER

Pending before the Court in the above referenced cause is an opposed motion for reconsideration of the Court's February 28, 2017 Opinion and Order (#225) and Final Judgment of Dismissal (#226), filed by Plaintiffs Joe Brown, Bobby Ferrell, Franklin Gittess, Kevin Lampkin, Stephen Miller, Terry Nelson, and Dianne Swiber, pursuant to Federal Rule of Civil Procedure 59(e).

### Standard of Review

Although the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, courts address such motions under Rule 59(e) as a motion to alter or amend. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009), *citing Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Rule 59(e) motions "'serve the narrow purpose of allowing

a party to correct manifest error of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick*, No. 15-30952, 2016 WL 4709860, at *3 (5th Cir. Sept. 8, 2016), *citing Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Given this narrow purpose, the Fifth Circuit has found that "'[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Id.*, *citing Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); Charles Allan Wright, Arthur Miller, and Mary Kay Kane, 11 *Federal Practice & Procedure* ¶ 2810.1 (2002). "[T]he standards applicable to Rule 59(e) . . . favor denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). *See, e.g., McGillivray v. Countrywide Home Loans, Inc.*, 360 Fed. Appx. 533, 537 (5th Cir. Jan. 11, 2010) (finding that the district court may grant a Rule 59(e) motion if there is "an intervening change in the controlling law" or "to correct a clear error of law or prevent manifest injustice"), *citing In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). District courts have wide discretion in deciding whether to grant such a motion and reopen a case. *Johnson v. Diversicare Afton Oaks, L.L.C.*, 597 F.3d 673, 677 (5th Cir. 2010). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*, *citing Simon v. U.S.*,

891 F.2d 1154, 1159 (5th Cir. 1990). Where the motion asserts discovery of new evidence, it should only be granted if "'(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.'" *Johnson*, 597 F.3d at 677, quoting *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

The Fifth Circuit has affirmed the denial of leave to amend when the movant has "engaged in undue delay." *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003), *citing Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). It has also affirmed court decisions where the movant has tried to present theories of recovery serially to the district court. *Southern Constructors*, 2 F.3d at 612.

After reviewing the record and the applicable law, the Court fully concurs with the opposition memorandum of law filed by Defendants UBS Securities, L.L.C. (f/k/a UBS Warburg, L.L.C.), and UBS Financial Services, Inc. (f/k/a Paine Webber, Inc.)(#229). Plaintiffs fail to meet the standards for granting their motion for reconsideration. As detailed in Defendants' memorandum, Plaintiffs repeat and rehash old legal arguments that were or could have been presented previously and fail to identify manifest errors of fact

or law or any newly discovered evidence.  As noted, Defendants cite cases that are inapposite and irrelevant.

Accordingly, the Court

ORDERS that Plaintiffs' motion to reconsider (#227) is DENIED.

**SIGNED** at Houston, Texas, this 25th of August, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE